# In the United States Court of Federal Claims

No. 19-1373C

(E-Filed: January 21, 2020)[1]

| | |
|---|---|
| COLONNA'S SHIPYARD, INC., ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Post-Award Bid Protest; Motion to Dismiss, RCFC 12(b)(1); Partial Dismissal of Protest, RCFC 12(h)(3); [ ] Performance Evaluation for Prior Contract Performance; Court's Bid Protest Jurisdiction Does Not Include Direct Challenges to Performance Evaluations in Other Contracts. |

Yuki Haraguchi, Washington, DC, for plaintiff.

John M. McAdams III, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  David D. Bach, United States Navy, of counsel.

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

This post-award bid protest challenges a [ ] Contractor Performance Assessment Report (CPAR)[2] that was received by plaintiff Colonna's Shipyard, Inc. (Colonna).  The dispute before the court in this case is whether Colonna can challenge that [ ] CPAR in

---

[1] This opinion was issued under seal on December 23, 2019.  Pursuant to ¶ 3 of the ordering language, the parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged.  The proposed redactions were acceptable to the court.  All redactions are indicated by brackets ([ ]).

[2] Although there is more than one iteration of the Contractor Performance Assessment Report (CPAR) at issue here, the court, like the parties, refers to CPAR in the singular.  See ECF Nos. 1-1, 1-2, 1-3 (various versions of the CPAR attached to the complaint).

the context of a bid protest of a procurement that resulted in the award of a different contract.  The court has before it the following filings:  the complaint, ECF No. 1; defendant's motion to dismiss, brought pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), ECF No. 18; plaintiff's response brief, ECF No. 24; and defendant's reply brief, ECF No. 25.  For the reasons set forth below, defendant's motion is **GRANTED in part**, as to Counts I, II, and IV of the complaint, and **DENIED in part**, as to Count III of the complaint.

I.    Background[3]

　　A.    Protested Contract Award

The procuring agency here is the United States Navy.  On January 29, 2019, the Navy awarded Contract No. N50054-19-R-0004 to one of Colonna's competitors for "dry-dock phased maintenance of the [United States Naval Ship (USNS)] Prevail" (Prevail Contract).  ECF No. 18 at 2.  As Colonna's proposal was evaluated by the Navy, the agency relied on a CPAR issued as the result of Colonna's dry-dock phased maintenance on the USNS Narragansett, under Contract No. N50054-17-C-0007 (Narragansett Contract).  Id. at 2-4; ECF No. 1 at 4.  Plaintiff argues that the CPAR is neither "factual" nor "correct," that the CPAR "directly caused" the Navy to reject Colonna's bid on the Prevail Contract, and that Colonna is entitled to the award of the Prevail Contract.  ECF No. 1 at 4.

　　B.    Recent Procedural History

Plaintiff has been involved in extensive litigation related to both the Prevail Contract and the Narragansett Contract.  Of most relevance here, plaintiff previously filed two suits in this court.  In both of those suits, plaintiff challenged the validity of the CPAR issued for the Narragansett Contract:  Case No. 19-836C (filed June 6, 2019, styled as a Contract Disputes Act (CDA) claim)[4] and Case No. 19-972C (filed July 5, 2019, styled as a bid protest of the award of the Prevail Contract).  As alleged in the complaint in this case, both of these suits were voluntarily dismissed on July 11, 2019, because the Navy agreed to review the contested CPAR and to issue a final contracting officer's decision on plaintiff's challenge to that CPAR.  ECF No. 1 at 2.

After the contracting officer denied, on August 22, 2019, plaintiff's challenge to the CPAR, ECF No. 1-5 (contracting officer's final decision), plaintiff filed, on September 10, 2019, two new suits in this court challenging the CPAR—specifically, a

---

[3]　　The court limits its discussion to the most relevant circumstances of this protest. When citing the parties' briefs, the court generally omits the parties' citations to underlying documents on the docket.

[4]　　Contract Disputes Act of 1978, 41 U.S.C. §§ 7101-7109 (2012).

CDA claim, Case No. 19-1376C, and this bid protest, Case No. 19-1373C.  Defendant challenges this bid protest purely on jurisdictional grounds, in essence asserting that a CPAR challenge of this type is only viable as a CDA claim, not as a bid protest.  Because defendant raised the threshold issue of jurisdiction, the court scheduled briefing of defendant's motion to resolve the parties' dispute before reaching the merits of this protest.  ECF No. 16 (order).  Defendant's motion is ripe for a ruling.

II.   Legal Standards

    A.   Bid Protest Jurisdiction

This court has "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1) (2012).  This jurisdictional grant is "without regard to whether suit is instituted before or after the contract is awarded." Id.

    B.   Motion to Dismiss Brought Pursuant to RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted).  Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.  Reynolds, 846 F.2d at 748 (citations omitted).  If jurisdiction is found to be lacking, this court must dismiss the action.  RCFC 12(h)(3).

III.   Analysis[5]

    A.   Count I:  Bid Protest

Plaintiff argues that it is appropriate to "correct" the CPAR through its bid protest of the award of the Prevail Contract.  ECF No. 1 at 47.  According to plaintiff, "the Court should cause the CPAR to be corrected in this protest matter where it has caused Colonna[] to lose the Prevail contract and will likely cause it to continue losing contracts in the near future." ECF No. 24 at 3.  The court must disagree.

---

[5]    The parties expend a great deal of effort parsing ITility, LLC v. United States, 124 Fed. Cl. 452 (2015).  The court notes that ITility is not precedent binding in this case and is distinguishable on its facts.  For these reasons, the court will not attempt to discern any rule of law in that case.

3

The United States Court of Appeals for the Federal Circuit has strongly discouraged the challenge of performance assessments through bid protests. See Bannum, Inc. v. United States, 404 F.3d 1346, 1353 (Fed. Cir. 2005) (holding that "a bid protest is not the proper forum" to litigate performance assessments received by the offeror for its performance of different contracts) (citations omitted). Defendant cited Bannum in its motion to dismiss, ECF No. 18 at 6-7, 9, but plaintiff has failed to explain why Bannum should not apply here. Following Bannum, as it must, the court cannot correct the CPAR in this bid protest. Because plaintiff's challenge to the CPAR previously issued under the Narragansett Contract is not within this court's bid protest jurisdiction for a challenge to the award of the Prevail Contract, defendant's motion to dismiss Count I of plaintiff's complaint must be granted.

      B.      Count II:  Breach of Contract

Plaintiff asserts that "[t]he government[] breach[ed] . . . its duty to perform the CPAR evaluation and report in accordance with" the Federal Acquisition Regulation (FAR). ECF No. 1 at 47. As defendant correctly notes, "Colonna's complaint . . . raises issues of contract administration regarding the Narragansett Contract that are beyond the scope of the Court's bid protest jurisdiction." ECF No. 18 at 9. In other words, the breach of contract claim in plaintiff's complaint is a CDA claim that is not within this court's bid protest jurisdiction. Cf. Todd Constr., L.P. v. United States, 656 F.3d 1306, 1313 (Fed. Cir. 2011) (holding that a challenge to "unsatisfactory performance evaluations" is a contract claim under this court's CDA jurisdiction). Because plaintiff's breach of contract claim is a CDA claim, it is not within this court's bid protest jurisdiction. Defendant's motion to dismiss Count II of plaintiff's complaint must be granted.

      C.      Count III:  Breach of Covenant of Good Faith and Fair Dealing

As the court reads Count III of the complaint, plaintiff alleges bad faith on the part of Navy personnel in the issuance of the [ ] CPAR, and, more importantly, in the use of the [ ] CPAR in the award of the Prevail Contract. ECF No. 1 at 48. First, plaintiff asserts that "[t]he government has published and has let stand comments that are incorrect, misleading, inaccurate, and have already caused Colonna[] to lose business." Id. Second, plaintiff contends as follows:

> The inclusion of incorrect, misleading, and inaccurate information was done in bad faith to preserve the reputations of [Navy] personnel and to shift the blame for all contract problems onto the contractor. It has caused a loss of the Prevail contract, despite Colonna[] being the [ ].

Id.

Defendant addressed this count of the complaint in its motion to dismiss, but limited its analysis to the contract administration aspects of plaintiff's allegations, perhaps because many of those allegations pertain to the Narragansett Contract. ECF No. 18 at 9-10. As plaintiff argues in its response brief, however, Colonna also points to the Navy's procurement activities which led to the award of the Prevail Contract as evidence of bad faith. ECF No. 24 at 1-7, 9. Indeed, the complaint discusses in some detail what plaintiff describes as a "conflict of interest" in the context of the [ ] CPAR and the proposal evaluations for the award of the Prevail Contract. ECF No. 1 at 8-12.

In the court's view, Count III contains a bid protest claim within this court's jurisdiction. Although there are many concerns when a bidder challenges a CPAR within the framework of a bid protest in this court, see BLR Grp. of Am., Inc. v. United States, 84 Fed. Cl. 634, 647 (2008) (noting that generally a contractor should "challenge an allegedly unfair and inaccurate performance evaluation as a contract-performance claim pursuant to the CDA at the time the [agency] issued the performance evaluation"), allegations of bad faith conduct in the selection of an awardee are not outside of the court's bid protest jurisdiction, see Keco Indus., Inc. v. United States, 492 F.2d 1200, 1203 (Ct. Cl. 1974) (discussing "subjective bad faith on the part of the procuring officials" as an element of proof in some bid protests) (citation omitted); Galen Med. Assocs., Inc. v. United States, 56 Fed. Cl. 104, 108-11 (2003) (entertaining the protestor's allegations of bad faith conduct on the part of procurement officials on the merits), aff'd, 369 F.3d 1324 (Fed. Cir. 2004). The court sees no jurisdictional impediment to Count III of the complaint, as long as the focus is on bad faith actions which allegedly compromised the award of the Prevail Contract, rather than on alleged bad faith actions related to the issuance of the [ ] CPAR.

Defendant's reply brief, on the subject of bad faith, principally addresses the merits of any bad faith claim in the complaint. ECF No. 25 at 3-5. Defendant characterizes Colonna's allegations of bad faith as "unsupported" by sufficient evidence. Id. at 5. Whether plaintiff's bad faith claim related to the use of the [ ] CPAR in the award of the Prevail Contract "has plead sufficient facts," ECF No. 24 at 7, is not a question before the court when it rules on defendant's RCFC 12(b)(1) motion. Because Count III contains a claim within this court's bid protest jurisdiction, defendant's motion to dismiss is denied as to this count.

D.   Count IV:   Unconstitutional Action and De Facto Debarment

In Count IV of the complaint, plaintiff alleges that the issuance of the [ ] CPAR constituted both a de facto debarment and a deprivation of Colonna's constitutional rights. ECF No. 1 at 48-49. In defendant's terms, plaintiff's challenge is squarely focused on the "substance of the Navy CPAR regarding Colonna's performance on the Narragansett Contract." ECF No. 18 at 9. The court must agree. Despite plaintiff's allusion to constitutional rights and debarment, de facto or otherwise, this claim is by its nature a challenge to the content of a [ ] CPAR. See, e.g., Katz v. Cisneros, 16 F.3d

5

1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction." (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992))).  This is a CDA claim, not a bid protest claim.  See supra.  Thus, defendant's motion to dismiss Count IV of plaintiff's complaint is granted.

IV. Conclusion

Accordingly, as explained in this opinion:

(1) Defendant's motion to dismiss, ECF No. 18, is **GRANTED in part**, as to Counts I, II, and IV of the complaint, and **DENIED in part**, as to Count III of the complaint;

(2) Pursuant to RCFC 54(b), as there is no just reason for delay, the clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** Counts I, II, and IV of plaintiff's complaint, pursuant to RCFC 12(h)(3), for lack of subject matter jurisdiction, without prejudice;

(3) On or before **January 17, 2020**, the parties shall **CONFER** and **FILE** a **notice** of filing, attaching a proposed redacted version of this opinion, with any material deemed proprietary blacked out, so that a copy of the opinion can then be made available in the public record of this matter; and

(4) On or before **January 17, 2020**, the parties are directed to **CONFER** and **FILE** a **joint status report** proposing a schedule for further proceedings in this matter.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge